Judge Owsley
delivered the Opinion of the Court.
This was an action of covenant, brought in the circuit court, by Green, upon the following writing, to-wit;
On or before the first day of March next, I promise to pay Levi Green, the just and full sum of one hundred dollars, in Commonwealth’s paper, or fifty dollars in silver, for value received of him, as witness my hand and seal, this'a8th day of August, 1824. John ffhite-, (Seal,)”
Default- was made by White, and on executing a writ of inquiry, one hundred and one dollars and fifty cents damages were assessed by the jury, and judgment therefor rendered by the court.
To reverse that judgment, this writ of error, with supersedeas, has been prosecuted by White.
The assignment of errors questions the propriety of entering judgment for the damages assessed. The damages are unquestionably higher than Green-is entitled to recover, according to the settled doctrine of the common law. A payment, on the first-day of March 1825, of either one hundred dollars in Commonwealth’s paper, or fifty dollars in silver, would have been a performance of the covenant. The stipulations contained in the writing are, for White to pay one or the other, and of course, the *156 payment of either, would have satisfied the covenant.
In an notion on such a covenant, the men sure of Uam-iges is $50 with the interest accrued.
Tho'statute * alloilinJurR!-'' covery in notes o;i the . Uanlt'dVcnfl ” Common•woallh-im , contracts' for sucli cuii-ancy, does not-apply to obligation to pay that or a less rum in lawful money in the alternative; for obligin' had hi3 election.
As the payment of either sum would therefore have discharged Use covenant, it results necessarily, that by the failure of White to make payment, Green cannot have been injured beyond the value of the lesser sum, and upon common law principles, cannot be entitled to recover damages exceeding that value, more than the legal rate of interest per annum thereon from the time payment should have been made. It is obvious, however, that in assessing the damages, the jury were not governed by this rule. The amount assessed, is §101 50 cents, a sum greatly exceeding fifty dollars with interest, so that whatever may have been the value of one hundred dollars Commonwealth’s paper, on the first of March, 1825, the damages given by the jury are outrageously excessive.
r. JWe know that Green caused to be entered upon that he would acce.pt Commonwealth’s i>an*4>jaie%in discharge of the judgment, and it is presumible, that in fixing upon the' amount of dam-a^esiassosfeed by them, the, jury were iniluenced by the consideration that the damages would be collected in bank paper. .Rut, regularly at common law,1 damages were recoverable in gold or silver only, and the jury were not at liberty to depart from that standard and adopt; any other, whatever might be the proposition which the plaintiff should think proper to make, as to his willingness to accept any thing else in discharge or- satisfaction of the damages.
It is true, that in this respect the, common law has undergone a chango by an act of the Legislature of this country, as relates to contracts for the payment of notes of the Bank of Kentucky-, or of the Bank of the Commonwealth, or for the payment of the currentpaper of the State,if, at the calling or hearing of the suit, the plaintiff makes a written statement'' on his declaration, in substance, that he is willing to take notes on the Bank of the Commonwealth of Kentucky, in discharge of such debt. But to come within the operation of that act, the contract must be for the payment of the description of paper *157 mentioned in the act, and not a contract such as that upon which this suit is founded, in the alternalive, to pay Commonwealth bank paper, or silver.
Where the criterion of Sy*the law, if tho jury, on an ?uJement t>°r default, re- J turn too great 0Ught exofft- ««> to sot it asi(ie’
Turner for plaintiff.
Neither at common law, nor under the statute, therefore, were the jury authorised to find the amount of damages assessed by them against White, and of course their assessment ought to have been set aside, by the court below. As there was no application for that purpose to tlie court, it would have been otherwise, if by the introduction of ex-traneons evidence, the finding of the jury might have been warranted,. but according to the import of the. writing, it is impossible that any extraneous evidence could have justified the assessment of damages made by the jury, and as such, it was incumbent on the court, ex officio to arrest the finding, and set-aside the assessment.
The judgment must threfore, be reversed with cost, the cause remanded to the court below, further proceedings there had not inconsig this opinion.